TO: Clerk's Office
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**APPLICATION FOR LEAVE**
**TO FILE DOCUMENT UNDER SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE MATTER OF THE SEARCH
OF THE CELLULAR TELEPHONE
ASSIGNED CALL NUMBER
(201) 898-1698

20-MJ-2970
Docket Number

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBMITTED BY: Plaintiff____ Defendant____ DOJ ✓
Name: AUSA Frank Cavanagh
Firm Name: U.S. Attorney's Office
Address: 610 Federal Plaza
         Central Islip, NY 11722-4454
Phone Number: (631) 715-7832
E-Mail Address: frank.cavanagh@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES____ NO ✓
**If yes, state description of document to be entered on docket sheet:**

**A) If pursuant to a prior Court Order:**
Docket Number of Case in Which Entered:_____
Judge/Magistrate Judge:_____
Date Entered:_____

**B) If a new application,** the statute, regulation, or other legal basis that authorizes filing under seal

ongoing criminal investigation

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Brooklyn, NEW YORK
       December 11, 2020
       /s Roanne L. Mann

**U.S. DISTRICT JUDGE/U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE December 11, 2020
                                    DATE

**MANDATORY CERTIFICATION OF SERVICE:**
**A.)** ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation:_____; or **C.)** ✓ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

December 11, 2020                    [signature: Frank Cavanagh]
DATE                                  SIGNATURE

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>THE CELLULAR TELEPHONE ASSIGNED CALL<br>NUMBER (201) 898-1698 | )<br>)<br>)  Case No. 20-MC-2970<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the    Eastern    District of    New York   , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 USC § 846 | conspiracy to distribute a controlled substance |

The application is based on these facts:

See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by FBI. See 18 U.S.C. §§ 3122(b), 3123(b).

☐ Continued on the attached sheet.

☑ Delayed notice of   30   days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Andre Bedeau
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/11/20 at 3:50 p.m.

/s Roanne L. Mann
*Judge's signature*

City and state: Brooklyn, New York       Hon. Roanne L. Mann
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (201) 898-1698 | Case No. 20-MC-2970<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, ANDRE BEDEAU, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (201) 898-1698 (the "Target Cell Phone"), whose service provider is MetroPCS Wireless ("MetroPCS"), a wireless telephone service provider with operations at 4 Sylvan Way Parsippany, NJ 07054. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been since November 2018. I am a member of the JFK Border Enforcement Security Task Force ("JFK BEST"), which is a joint

task force between HSI, New York City Police Department (the "NYPD") and Customs and Border Protection ("CBP"). JFK BEST focuses on the manufacture, sale, distribution, and possession of narcotics, as well as on criminal activity related to narcotics. I have been involved in the investigation of numerous cases involving the illegal trafficking, distribution, and possession of narcotics. I have also received training on the uses and capabilities of cellular telephones in connection with criminal activity.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841, 846, 952 and 960 have been committed, are being committed, and will be committed by WALIN RODRIGUEZ-TEJEDA, also known as "Will," and other unknown persons using the Target Cell Phone. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. See 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

7. The United States, including HSI, is conducting a criminal investigation of WALIN RODRIGUEZ-TEJEDA, also known as "Will," and two co-conspirators ("Co-Conspirator-1" and "Co-Conspirator-2") regarding possible violations of Title 21, United States Code, Sections 841, 846, 952 and 960.

8. On or about October 29, 2019, Co-Conspirator-1 and Co-Conspirator-2 arrived at John F. Kennedy International Airport ("JFK") in Queens, New York aboard Caribbean Airlines flight BW524. The flight originated in Suriname in South America and was routed through the Port of Spain in Trinidad and Tobago. Co-Conspirator-1 and Co-Conspirator-2 were traveling together.

9. CBP officers interviewed both Co-Conspirator-1 and Co-Conspirator-2 and determined that they had neither friends nor family nor hotel reservations in New York. Instead, Co-Conspirator-1 and Co-Conspirator-2 were in possession of a reservation for a hotel located in Baton Rouge, Louisiana. In addition, during their interviews with CBP officials, both Co-Conspirator-1 and Co-Conspirator-2 admitted that they had ingested pellets of cocaine and had not passed the pellets before landing in JFK.

10. CBP officials presented both Co-Conspirator-1 and Co-Conspirator-2 with x-ray consent forms, which both Co-Conspirator-1 and Co-Conspirator-2 signed. Co-Conspirator-1 and Co-Conspirator-2 were then taken to a JFK medical facility where they were x-rayed by a physician. X-ray results were positive for foreign bodies in the stomachs and anal cavities of both Co-Conspirator-1 and Co-Conspirator-2. Co-Conspirator-1 ultimately passed approximately 61 pellets with an approximate total gross weight of 580 grams of cocaine, and

Co-Conspirator-2 ultimately passed approximately 42 pellets with an approximate total gross weight of 474.7 grams of cocaine.

11. Pursuant to HSI's border search authority, agents conducted a review of Co-Conspirator-2's cellphone. As part of that review, HSI agents discovered that Co-Conspirator-2 had recently been in contact via WhatsApp with an individual named "Will," phone number 551-234-8531 (the "8531 Number"), concerning cocaine. For instance, on or about September 8, 2019, Co-Conspirator-2 asked, in sum and substance and in part, "how much for one," and "Will" responded, in sum and substance and in part, $30,000. Based upon my training and experience, I know that $30,000 is the street price for one kilogram of cocaine. "Will" also referenced having certain "customers."

12. Co-Conspirator-1 and Co-Conspirator-2 were detained and advised of their <u>Miranda</u> rights. Co-Conspirator-1 and Co-Conspirator-2 waived their <u>Miranda</u> rights and agreed to speak with law enforcement. Co-Conspirator-2 stated, in sum and substance and in part, that she was supposed to deliver cocaine to an individual named "Will."

13. A query of law enforcement databases for the 8531 Number revealed bank records showing that the 8531 phone number is associated with the defendant, RODRlGUEZ-TEJEDA. HSI agents then compared a photograph of RODRlQUEZ-TEJEDA in a law enforcement database to the profile photograph of Will on WhatsApp and determined that they are photographs of the same person.

14. On November 2, 2019, the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge in the Eastern District of New York, issued an arrest warrant and signed a complaint charging the defendant with knowingly and intentionally conspiring to possess with intent to distribute controlled substances, in violations of Title 21, United States Code, Sections

841, 846, 952 and 960. To date, law enforcement has been unable to locate RODRlQUEZ-TEJEDA to arrest him pursuant to the arrest warrant issued on November 2, 2019.

15. Beginning in December 2020, using WhatsApp via the Target Cell Phone, RODRlQUEZ-TEJEDA contacted the confidential source ("CS-1")[1] and offered to provide CS-1 with a sample of fentanyl. RODRlQUEZ-TEJEDA is known to CS-1, and CS-1 reported the contact to law enforcement agents. CS-1 also provided a photograph of RODRlQUEZ-TEJEDA from WhatsApp. I have compared the photograph provided by CS-1 of RODRlQUEZ-TEJEDA and the profile photograph of Will, and they are photographs of the same person. Accordingly, there is probable cause to believe that RODRlQUEZ-TEJEDA is using the Target Cell Phone to conspire with others to distribute controlled substances, namely fentanyl.

16. In my training and experience, I have learned that MetroPCS is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively

---

[1] CS-1 has been a confidential source for the Drug Enforcement Administration ("DEA") in connection with previous investigations. In those prior investigations, CS-1 has provided the DEA with information that was subsequently corroborated through narcotics seizures. CS-1 has also provided DEA with information that resulted in arrests. CS-1 is financially compensated when his/her information results in the seizure of narcotics or when there is an arrest made that is derived from information that CS-1 provided. In addition to financial compensation, CS-1 derives immigration benefits from his/her role as a confidential informant. Through his/her work with DEA CS-1 will get deferred action and employment authorization, allowing him/her to remain in the United States.

precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

17. Based on my training and experience, I know that MetroPCS can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on MetroPCS's network or with such other reference points as may be reasonably available.

18. Based on my training and experience, I know that MetroPCS can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as MetroPCS typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

**AUTHORIZATION REQUEST**

19.   Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

20.   I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  See 18 U.S.C. § 3103a(b)(1).  As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property.  See 18 U.S.C. § 3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.  See 18 U.S.C. § 3103a(b)(2).

21.   I further request that the Court direct MetroPCS to disclose to the government any information described in Attachment B that is within the possession, custody, or control of MetroPCS.  I also request that the Court direct MetroPCS to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with MetroPCS's services, including by initiating a signal to determine the location of the Target Cell Phone on MetroPCS's network or with such other reference points as may be reasonably

available, and at such intervals and times directed by the government. The government shall reasonably compensate MetroPCS for reasonable expenses incurred in furnishing such facilities or assistance.

22. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

23. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

Andre Bedeau
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me by telephone on December 11, 2020

  /s Roanne L. Mann
HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number (201) 898-1698, whose wireless service provider is MetroPCS, a company with operations at 4 Sylvan Way Parsippany, NJ 07054.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of MetroPCS.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night.  "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of MetroPCS, MetroPCS is required to disclose the Location Information to the government.  In addition, MetroPCS must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with MetroPCS's services, including by initiating a signal to determine the location of the Target Cell Phone on MetroPCS's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate MetroPCS for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  See 18 U.S.C. § 3103a(b)(2).

II. **Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841, 846, 952 and 960 involving WALIN RODRIGUEZ-TEJEDA or his unidentified co-conspirators.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.